BOLTON *et al. v.* KELLY & SONS *et al.*

Under the evidence the direction of the verdict was unauthorized.

No. 4902. JULY 14, 1925.

Equitable petition. Before Judge Fortson. Walton superior court. March 17, 1925.

J. H. Felker, for plaintiffs in error.

Roberts & Kelly and R. L. & H. C. Cox, contra.

BECK, P. J.   A. C. Kelly & Sons and Union Banking Company, creditors of M. W. Bolton, one of the plaintiffs in error, filed separate equitable petitions against him for debts alleged to be due to each of the petitioners. In each of these petitions the amount of the respective claim was set forth. Each of the petitioners sought judgment against the debtor; each prayed for the relief of injunction and the cancellation of a deed made by the debtor to his brother, J. W. Bolton, on the ground that the conveyance was fraudulent and made to hinder and delay creditors in the collection of their debts. Subsequently, while the case of the banking company against M. W. Bolton was in progress, the bank and the debtor, together with his brother, J. W. Bolton, agreed upon a settlement, by the terms of which M. W. Bolton and J. W. Bolton executed their promissory notes to the bank for the indebtedness of the debtor, and J. W. Bolton also executed a deed to the bank to secure the indebtedness, and included in this deed of conveyance the land alleged to have been fraudulently conveyed to him by the debtor. The deed from Bolton to the bank contained a power of sale. The claim of Kelly & Sons against the debtor was not settled, and their suit was pressed to judgment. The joint note of the Boltons to the bank was not paid, and the bank, in pursuance of the power of sale contained in the deed above referred to, sold the land covered by their deed. The proceeds of the sale exceeded the amount of the claim of the bank by several hundred dollars. Kelly & Sons filed their equitable petition, in which they set up anew the allegations of fraud in the sale of the land to J. W. Bolton as made in their first petition, showed that they had obtained judgment against M. W. Bolton, asserted the superiority of their lien over the rights of the bank, and prayed that the proceeds of the sale be impounded, unless it exceeded the amount of the bank's claim by an amount equal to their indebtedness, and that in such a case the excess should be ordered to be paid upon their judgment. Both of the Boltons and the bank were made parties to this last petition, the bank admitting the material allegations of the petition and the Boltons denying them, insist-

ing that the land was sold as the property of J. W. Bolton, and that the plaintiffs had no claim nor lien upon the fund. Upon the trial of the case the court directed a verdict in favor of the plaintiffs, Kelly & Sons.

The court was not authorized, under the evidence, to direct a verdict in favor of the plaintiffs. Even if such a verdict would have been authorized upon a showing that the deed from M. W. to J. W. Bolton had, at the instance of Kelly & Sons, been set aside as fraudulent, it does not appear that it had been set aside; nor was the court authorized to hold as a matter of law that the deed was void. And the land having been sold as the property of J. W. Bolton, the court could not, in the absence of a judgment or decree setting aside the deed referred to, hold that the money arising from the sale of the land under the exercise of the power of sale was subject to a judgment against M. W. Bolton.

*Judgment reversed. All the Justices concur.*